IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PAUL H. DUBOIS,**

**Plaintiff,**

**v.**

**UNION COUNTY HOSPITAL DISTRICT,**

**Defendant.**                                                                 **No. 06-0574-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint (Doc. 4). Plaintiff opposes the motion (Docs. 7 & 9). Based on the following, the Court grants the motion.

On July 24, 2006, Paul Dubois, pro se, filed a "COMPLAINT FOR VIOLATING US CODE 42 CHAPTER 7 PART A SEC 1320 a-7B CRIMINAL PENALTIES FOR ACTS INVOLVING FEDERAL HEALTH CARE PROGRAMS" against Union County Hospital (Doc. 1). The complaint references **42 U.S.C. § 1320a-7b**. The complaint also refers to an ACTS complaint/Incident Investigation Report IDPH & an Affidavit of Toni Capel (Doc. 1). On September 7, 2006, Defendant moved to dismiss Plaintiff's complaint for failure to state a cause of action. Specifically,

Defendant argues that the provision cited by Plaintiff provides for "criminal penalties and fines for false statements or representations made in the course of seeking or obtaining 'any benefit or payment under a Federal health care program.'" (Doc. 4, p. 1) and therefore, Dubois cannot bring a cause of action against Defendant under this statute.  Defendant further argues that the complaint fails to comply with the requirements of Federal Rule of Civil Procedure 8(a).  Dubois opposes the motion.  The Court agrees with Defendant.

## II. Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim, the district court assumes as true all facts well-pled plus the reasonable inferences therefrom and construes them in the light most favorable to the plaintiff.  ***Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (citing *Wiemerslage Through Wiemerslage v. Maine Township High School Dist. 207*, 29 F.3d 1149, 1151 (7th Cir. 1994))**.  The question is whether, under those assumptions, the plaintiff would have a right to legal relief.  ***Id***.  This standard also has been articulated:

> [U]nder "simplified notice pleading," … the allegations of the complaint should be liberally construed, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

***Lewis v. Local Union No. 100 of Laborers' Int'l Union*, 750 F.2d 1368, 1373 (7th Cir. 1984) (quoting *Conley v. Gibson*, 355 U.S. 41, 46-47 (1957)).  Accord *Fries* at 457; *Vickery v. Jones*, 100 F.3d 1334, 1341 (7th Cir. 1996).**

The Seventh Circuit has reiterated the liberal standard governing notice pleading:

> It is sufficient if the complaint adequately notifies the defendants of the nature of the cause of action…. As the Supreme Court has recently reminded us, the Federal Rules of Civil Procedure do not permit us to demand a greater level of specificity except in those instances in which the Rules specifically provide for more detailed elaboration. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993).

***Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998);** *See also* ***Kaplan v. Shure Brothers, Inc.*, 153 F.3d 413, 419 (7th Cir. 1998)**. In fact, the Seventh Circuit has instructed that a plaintiff's claims *must* survive a 12(b)(6) dismissal motion if relief could be granted under *any* set of facts that could be proved consistent with the allegations. ***Hi-Lite Products Co. v. American Home Products Corp.*, 11 F.3d 1402, 1409 (7th Cir. 1993).**

Further, district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." ***Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996)**. Thus, the Court should "view the *pro se* complaint with an understanding eye" and "take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." ***Id***.

The Court finds it very difficult to discern from the body of Dubois' complaint what cause of action he is alleging.[1]  It appears from the attachments to the complaint and Dubois' pleadings in opposition to the motion to dismiss, that Dubois was denied medical service at Union County Hospital on August 17, 2005 and that this lawsuit arises from that incident.  Even construing Dubois' complaint liberally, the Court cannot find that it states a valid cause of action or that it satisfies the requirements of Federal Rule of Civil Procedure 8(a).[2]  Thus, the Court grants Defendant's motion.

---

[1] In one reply, Plaintiff states "Original claim reported a Federal Violation (42 U.S.C. 1320a-7b Criminal Penalties involving Federal Health Care Programs" and "Plaintiff did not Request any relief he only wanted to report a Federal violation.  Of course IF the Plaintiff is eligible for relief he would accept the relief."  (Doc. 9).  In the other reply, Plaintiff states "Plaintiff is supported under COBRA and EMTALA Rules."  (Doc. 7).

[2] **Federal Rule of Civil Procedure 8(a)** states:
**Claims for Relief.**  A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded.

### III. Conclusion

Accordingly, the Court **GRANTS** Union County Hospital District's motion to dismiss (Doc. 4).  The Court **DISMISSES without prejudice** Dubois' complaint.  The Court **ALLOWS** Dubois up to and including December 1, 2006 to file an Amended Complaint that comports with this Order, the Federal Rules of Civil Procedure and the Local Rules of this Judicial District.

**IT IS SO ORDERED.**

Signed this 1st day of November, 2006.


/s/      David   RHerndon
**United States District Judge**